In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3441

MARIO REYES,

*Plaintiff-Appellant,*

*v.*

THOMAS J. DART, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 5009 — **James B. Zagel**, *Judge.*

SUBMITTED SEPTEMBER 2, 2015 — DECIDED SEPTEMBER 16, 2015

Before WOOD, *Chief Judge*, and POSNER and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff, a pretrial detainee at Cook County Jail, brought suit against the Cook County Sheriff, Thomas Dart, who oversees the jail, and two of the jail officials, claiming that the defendants had failed to protect him from an attack by other prisoners. The district judge dismissed the suit, with prejudice, in response to a motion

by the defendants accusing the plaintiff of failing to prosecute his suit.

According to the complaint—the factual allegations of which have yet to be contested—the plaintiff was stabbed in the course of the attack and just before losing consciousness cried out for help but was ignored by an unidentified guard standing ten to fifteen feet from him. The plaintiff regained consciousness three days later in a hospital, having suffered in the attack nerve damage and also a fracture of an eye socket that may eventually cause blindness in that eye. He contends that the defendants have culpably failed to create or enforce policies necessary to protect prisoners from attacks by fellow prisoners.

After answering the complaint a lawyer for the defendants sent the plaintiff, over the course of six months in 2014, five letters, each demanding that he sign a release enclosed with the letter that would give the defendants' counsel access to "protected health information" maintained by "Cermak Health Services/Cermak Hospital/John H. Stroger Jr. Hospital." The access sought was not limited to medical records relating to the plaintiff's injuries. The release that the lawyer wanted the plaintiff to sign would have extended to all his medical records, including records—of no apparent relevance to this case—relating to "venereal disease, sexually transmitted diseases, acquire[d] immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV), or ARC [AIDS-related complex]." Nor would the records to be released be limited to a particular period; the release would embrace all of the plaintiff's medical records since his birth in 1977, nearly forty years ago. Nor would any limitations be imposed on whom the defendants could disclose the records

to; they could be disclosed to persons or institutions having nothing to do with the attack on the plaintiff and the injuries and medical treatment resulting therefrom.

The letter "advised [the plaintiff] that it is entirely your decision to sign the release or not," but continued: "However, I must advise you that failure to sign the release may be grounds for dismissal of your action in light of the fact that you are bringing claims for physical injuries. In short, should you fail to sign and return the release, I will advise the Court of this failure to do so and request that the matter be dismissed for want of prosecution. The likelihood of dismissal of your claims for that reason would be significant."

The plaintiff (who has no lawyer) replied to the third of the five letters. He explained that he had been treated not at Stroger Hospital but at Mount Sinai Hospital, and that the attack against him had occurred back in 2011 and this should be indicated in any release that he signed. In response the defendants' lawyer added Mount Sinai Hospital to the list of hospitals that the plaintiff would be authorizing to release his records to the defendants' counsel, but refused to remove Stroger Hospital from the list "because it is a county hospital that often treats Cook County Jail inmates." Nor would he rescind his demand for access to medical records dating from the plaintiff's birth. Instead, after the fifth letter was sent and not replied to, he moved the district court to dismiss the complaint under Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute one's suit), because the plaintiff hadn't signed the release.

Without waiting for a reply from the plaintiff and without any explanation for its action, the district court issued a minute order dismissing the suit with prejudice and denying

the plaintiff's motion for recruitment of counsel as moot in light of the dismissal. (The motion had been pending for two months without action by the judge.) The plaintiff moved for reconsideration of the dismissal order, but the judge denied the motion on the ground that the defendants' counsel had warned the plaintiff that counsel would move to dismiss the suit unless the plaintiff signed the release.

The judge erred. Rule 41(b) authorizes dismissal of a suit if the "plaintiff fails to prosecute [it] or to comply with these rules or a court order." There was no failure to comply with any rule or any court order. Nor in refusing to sign the release was the plaintiff failing to prosecute his suit—he was prosecuting it in part by challenging the defendants' demand for unlimited access to and unlimited use of his medical records (albeit only such records as counsel might find in the files of the enumerated medical institutions). The demand for so comprehensive a release was improper, and the plaintiff should not have been criticized—let alone thrown out of court under inapplicable Rule 41(b)—for challenging it.

The defense counsel's dispute with the plaintiff over the latter's records was, as he failed to acknowledge, merely a discovery dispute. Counsel wanted a release that would cover all the records, and when the plaintiff refused, counsel's proper recourse would have been to file a motion to compel under Fed. R. Civ. P. 37. He might also or instead have moved for an order requiring the plaintiff to submit to a physical examination by a qualified examiner, pursuant to Fed. R. Civ. P. 35. He did neither.

A final twist is that the release form that defense counsel wanted the plaintiff to sign expressly authorizes the signer

to revoke at any time his authorization to release his medical records. This would seem to have empowered the plaintiff to refuse to sign the release in the first place without being punished for that refusal by dismissal of his suit.

The dismissal, a miscarriage of justice, is vacated and the case remanded for further proceedings consistent with this opinion. The first order of business for the judge on remand should be to rule on the plaintiff's motion for recruitment of counsel. The second should be to remind the defendants' counsel that the civil rule applicable to his demand for medical records is not Rule 41(b) but Rule 37.